Mary Kaber, Administratrix, Appellee, v. Harriet B. Borland, Appellant.

## Gen. No. 21,377.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.. Heard in the Branch Appellate Court at the March term, 1915.   Reversed. with finding of fact.   Opinion filed October 18, 1916.   *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mary Kaber, administratrix of the estate of Frank Kaber, deceased, plaintiff, against Harriet B. Borland, defendant, to recover damages for the death of the plaintiff's intestate, alleged to have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

caused by the defendant's negligence. From a judgment for plaintiff, defendant appeals.

The evidence tended to show that the deceased was a bright boy between fourteen and fifteen years of age; that defendant owned and maintained a building in Chicago, which was nine stories in height and occupied by ten or twelve tenants. The deceased was employed as a delivery boy for one of the tenants occupying the fourth floor of the building. The rear of the building faced an alley, and extending along the rear of the building was a platform about three and one-half feet wide and four feet high. A freight elevator, which was used by the various tenants and was operated and controlled by defendant, opened on this platform. This opening into the elevator shaft was about seven and one-half feet wide and was closed by two iron doors extending horizontally across the same. The doors operated up and down, coming together in the middle. By pushing the lower door down the upper door would rise. These doors were fastened together on the inside by rods or latches, and could not be opened from the outside except by pressure in the center, which would release the rods or latches. From the platform on the outside, the position of the elevator could not be ascertained except by opening the doors and looking up or down the shaft. There was a push button at the side of the opening which operated a signal or buzzer inside of the elevator, and served to notify the operator that the elevator was wanted at the platform.

The deceased had been in the employ of one of the tenants on the fourth floor for two or three weeks prior to the accident, and had ridden up and down in the elevator in the performance of his duties several times each day. Just prior to the accident he went down on the elevator with a delivery cart to the platform. Afterwards he returned with some castings on

the cart. The elevator stopped at the platform but he was unable to get in on account of its being loaded. The doors were closed and the elevator ascended to the seventh floor. The signal then indicated to the operator that the elevator was wanted at the fourth floor and also in the basement, which was some eighteen feet below the platform or first floor. The deceased, who was waiting on the platform for the car, stuck his head between the doors, into the elevator shaft, and as he did so the car descending struck his head, and he was killed instantly. There was testimony by a witness who was in the basement of the bottom of the elevator shaft, to the effect that he saw the doors opening on the platform and the deceased put his head through the opening in the doors and look up in the elevator shaft; that before he could warn the deceased of his danger he was struck by the car.

The evidence also tended to show that the latches or rods fastening the two doors together were out of repair and out of position; that when the latches or rods were in position the doors remained closed unless forced apart.

RALPH F. POTTER, for appellant; WILKERSON, CASSELS & POTTER, of counsel.

P. R. BOYLAN and H. R. LLOYD, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. ELEVATORS, § 21*—*when boy opening door to elevator shaft guilty of contributory negligence.* In an action for the death of a fourteen-year-old boy, resulting from his being struck on the head by a descending freight elevator, after he had opened, from the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

outside, a door to the elevator shaft and looked in, with the object of ascertaining the position of the elevator, where the undisputed evidence showed that the elevator was in charge of an operator, that the door was not intended to be opened from the outside and that a push button was placed outside the door for the purpose of signaling the operator, *held* that the deceased was not in the exercise of ordinary care for his own safety and that no recovery could be had, there being no claim of wanton and wilful negligence on the part of the defendant, the owner of the building.

2. ELEVATORS, § 13*—*what is effect of violation of ordinance by owner of building.* In an action for death of a prospective passenger on an elevator, who, having opened the door of the shaft and looked in so as to ascertain the position of the elevator, was thereupon struck on the head by it and killed, *held* that the deceased's lack of care for his own safety would bar a recovery, though the defendant had violated an ordinance in not keeping the door in repair, so that it could not be opened from the outside, wilful and wanton negligence on the part of the defendant not being alleged.